GARY D. FIDLER, ESQ., SB# 76383
GREENE, FIDLER & CHAPLAN, LLP
2719 WILSHIRE BLVD., SECOND FLOOR
SANTA MONICA, CALIFORNIA 90403
(310) 315-1700
(310) 315-1701/Fax

Attorneys for Defendants, 2042 TOWN SQUARE WEST, LLC and 8454 STELLER DRIVE, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MARSH<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>2042 TOWN SQUARE WEST LLC, a California Limited Liability Company; 8454 STELLER DRIVE, LLC, a California Limited Liability Company; GOODWILL INDUSTRIES OF SOUTHERN CALIFORNIA, a California Nonprofit Corporation; and Does 1-10,<br><br>　　　　　Defendants. | CASE NO: 2:19-cv-10717-SVW-(JEMx)<br><br>[Assigned to Hon. Stephen V. Wilson]<br>[Referred to: Magistrate Judge John E. McDermott]<br><br>**ANSWER OF DEFENDANTS 2042 TOWN SQUARE WEST, LLC AND 8454 STELLER DRIVE, LLC; DEMAND FOR JURY TRIAL**<br><br>Complaint Sub Served:<br>2042 Town Square, LLC: 1/8/2020<br>8454 Steller Drive, LLC:   1/3/2020<br>New Response Date:  2/27/2020 |

COMES NOW, Defendants, 2042 TOWN SQUARE WEST, LLC and 8454 STELLER DRIVE, LLC (hereinafter "Defendants" or "defendants") and, pursuant to Fed. R. Civ. P. 8, hereby files and serves their Answer and Affirmative Defenses in response to Plaintiff CARLOS MARSH's (hereinafter "Plaintiff" or "plaintiff") Complaint as follows:

///

///

## ANSWER

Except to the extent expressly admitted herein, Defendants deny each and every allegation in plaintiff's Complaint.

1. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Answering this paragraph, Defendants state that this paragraph contains conclusory allegations regarding joint venture and common enterprise, along with Doe allegations to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

7. Answering this paragraph, Defendants state that this paragraph contains conclusory allegations regarding jurisdiction and venue, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

8. Answering this paragraph, Defendants state that this paragraph contains conclusory allegations regarding jurisdiction and venue, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

9. Answering this paragraph, Defendants state that this paragraph contains conclusory allegations regarding jurisdiction and venue, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

10. Defendants have insufficient information and belief to enable

itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

11. Admit.

12. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

13. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

14. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

15. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

16. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

17. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

18. Answering this paragraph, Defendants state that this paragraph contains conclusory allegations, to which an admission, denial or denial on information and belief is not required.  To the extent a formal response is necessary, Defendants deny this paragraph.

19. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

20. Defendants have insufficient information and belief to enable itself to admit or deny said paragraph, and on that ground denies, each, every and all of the allegations contained therein, and each of them.

21. Answering this paragraph, Defendants state that this paragraph contains allegations as to re-pleading of prior allegations and incorporation by reference, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

22. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

23. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

24. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

25. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

26. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

27. Answering this paragraph, Defendants state that this paragraph contains allegations as to re-pleading of prior allegations and incorporation by reference, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

28. Answering this paragraph, Defendants state that this paragraph contains allegations as to re-pleading of prior allegations and incorporation by reference, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

29. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

30. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

31. Answering this paragraph, Defendants state that this paragraph contains legal contentions and conclusory allegations, to which an admission, denial or denial on information and belief is not required. To the extent a formal response is necessary, Defendants deny this paragraph.

## PRAYER

1. Answering this paragraph, Defendants state that this paragraph contains a prayer for relief not amenable to responsive pleading and to that extent Defendants denies the entirety of the paragraph.

2. Answering this paragraph, Defendants state that this paragraph contains a prayer for relief not amenable to responsive pleading and to that

extent Defendants denies the entirety of the paragraph.

3. Answering this paragraph, Defendants state that this paragraph contains a prayer for relief not amenable to responsive pleading and to that extent Defendants denies the entirety of the paragraph.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for violation of the Americans with Disabilities Act of 1990. (42. *U.S.C*. §12101 et. seq.)

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for violation of the Unruh Civil Rights Act. (*Civil Code* §51 et. seq.)

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action, under any statutory, regulatory, ordnance, case law, common law or any other theory of liablity.

### FOURTH AFFIRMATIVE DEFENSE

4. These answering Defendants allege that Plaintiff failed to take affirmative steps to mitigate the damages complained of, if any.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate and additional defense, Defendants assert upon information and belief that at all times mentioned in the Complaint, the Plaintiff so carelessly, recklessly and negligently conducted and maintained himself so as to cause and contribute in some way to the damages, if any, alleged to have been sustained by Plaintiff. Therefore, Plaintiff's recovery herein as to any damage and injuries suffered by Plaintiff, if any, shall be diminished to the extent that such injury or damages were proximately caused by the negligence or intentional conduct of Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a separate and additional defense to the Complaint filed herein, and to each alleged cause of action set forth herein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendants for the reason that the same may be barred by the applicable statute of limitations depending on Plaintiff's prior visits, if any, to the subject property (assuming Plaintiff has, in fact, ever patronized or even attempted to patronize the subject store).

**SEVENTH AFFIRMATIVE DEFENSE**

7. These answering Defendants allege that the Plaintiff has unreasonably delayed in bringing this action to the prejudice of these answering Defendants, and are therefore barred from bringing this action by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate and additional defense, Defendants assert upon information and belief that the Disabled Persons Act and Unruh Act do not apply to these answering Defendants as alleged because the facility was built and/or modified prior to the date these acts were amended to incorporate any standards as set forth in said Acts.

**NINTH AFFIRMATIVE DEFENSE**

9. These answering Defendants allege that Plaintiff is barred from recovery under the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10. As a separate and additional defense to the Complaint filed herein, and to each alleged cause of action set forth therein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action under any legal theory and is so vague, ambiguous, and overbroad as to render its claim incomprehensible and unintelligible.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Complaint and each and every cause of action purportedly stated therein are barred by the applicable statute of limitations including, but not limited to *Code of Civil Procedure* Sections 335.1, 337, 337.1, 337.15, 338, 339, 340 and 343.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Complaint and each and every cause of action purportedly stated therein are barred by the doctrine of estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff is guilty of bad faith in the circumstances alleged in the Complaint and Defendant is thus entitled to have liability, if any, reduced or abated in accordance with Plaintiff's bad faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. These answering Defendants allege that the Plaintiff acted with the full knowledge of all of the facts and circumstances surrounding alleged injuries and thus assumed the risk of injury, if any there was.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a separate and additional defense to the Complaint filed herein, if Plaintiff suffered. or sustained any loss, damage, or injury as alleged by the Complaint, such loss, damage, or injury was proximately caused and contributed to by Plaintiff's failure to conduct himself in a manner ordinarily expected of prudent persons. Plaintiff's recovery herein is diminished to the extent that Plaintiff's damages, if any, are attributable to Plaintiff's own negligence.

**SXITEENTH AFFIRMATIVE DEFENSE**

16. The damages alleged by Plaintiff in the Complaint, to the extent such damages exist, were caused by the acts and omissions of Plaintiff and by its own breach of duty to exercise reasonable care to protect themselves from

the alleged circumstances described in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Plaintiff is barred from asserting any cause of action by virtue of its consent to the alleged acts or conditions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. That at all times mentioned in the Complaint, Plaintiff knowing the probable consequences thereof, placed itself in a position of danger and freely and voluntarily participated in all the activities alleged herein, and thereby assumed all the risks attendant thereto.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff has failed to state facts sufficient to give rise to a claim against Defendants for statutory damages.

## TWENTIETH AFFIRMATIVE DEFENSE

20. The Complaint and each and every cause of action purportedly stated therein are barred by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for negligence and/or violation of the *Civil Code*, including, but not limited to the Unruh Civil Rights Act, the California Disabled Persons Act, California *Civil Code* §§ 51, 52, 53, 54, 54.1 (or any subparts thereof).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. All of Plaintiff's claims are barred because Defendants offered reasonable accommodations to Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. If Plaintiff sustained any damage or injury either as alleged in the Complaint, or at all, the same was, upon information and belief, directly and proximately caused and/or contributed to by the negligence, recklessness,

carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and the purported damages of Plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. All of Plaintiff's claims upon information and belief may be and/or are barred to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical, readily achievable and/or technically infeasible and would cause Defendants to sustain an undue burden.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. All of Plaintiff's claims are barred to the extent that Plaintiff lacks standing and, additionally, to the extent that Plaintiff has failed to establish his standing, entitlement to "damages" of any nature, sufficient jurisdictional allegations, and sufficient jurisdictional facts to comply with the pleading requirements under *Chapman v. Pier 1 Imports (U.S.), Inc.,* 631 F.3d 939 (9th Cir. 2011). Accordingly, Plaintiff's Complaint is defective and subject to immediate dismissal.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. All of Plaintiff's claims and demands for attorneys' fees are barred and/or should be stricken to the extent that Plaintiff failed to provide pre-litigation notice to Defendants of his purported claims and/or experiences at the subject property and engage in reasonable steps to mitigate his purported damages and/or resolve the dispute without litigation.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. All of Plaintiff's claims are barred because, upon information and belief, all architectural barriers alleged by Plaintiff do not exist and/or fall

within "conventional building industry tolerances" or "dimensional tolerances."

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

28. All of Plaintiff's claims are barred because Plaintiff failed to request reasonable accommodations or modifications to Defendants' premises.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. All of Plaintiff's causes of action axe barred because Plaintiff suffered no damages of any nature as a result of the alleged conduct.

### THIRTIETH AFFIRMATIVE DEFENSE

30. As a separate and additional defense, these answering Defendants believes and based upon such information and belief, allege that Plaintiff has never been deterred from visiting Defendants' premises.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet, unstated affirmative defenses available. Defendants reserves herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

WHEREFORE, these answering Defendants prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint;
2. That These answering Defendants be given judgment for attorney's fees and costs incurred and to be incurred; and

///
///
///
///

3. For such other and further relief as the court may deem just and proper.

DATED: February 26, 2020         GREENE, FIDLER & CHAPLAN, LLP

By: _//s// Gary D. Fidler, Esq._
Attorneys for Defendants,
Defendants, 2042 TOWN SQUARE WEST, LLC and 8454 STELLER DRIVE, LLC

## CERTIFICATE OF SERVICE

I declare that I am employed in the County of Los Angeles, California. I am over the age of eighteen (18) years and not a party to the within cause; my business address is 835 Wilshire Boulevard, 5th Floor, Los Angeles, CA 90017.

On February 26, 2020, I served the following documents described as **ANSWER OF DEFENDANTS 2042 TOWN SQUARE WEST, LLC AND 8454 STELLER DRIVE, LLC; DEMAND FOR JURY TRIAL** on the interested parties in this action by using the following method:

/ X /  (BY MAIL) I placed each sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Los Angeles, California, following ordinary business practices. I am readily familiar with the practice of Ericksen Arbuthnot for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/ X /  (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below. OR: I will be electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them .

**SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 26, 2020, at Los Angeles, California.

/s/ Charlotte Hoover
Charlotte Hoover

<u>Case Name:</u> *Carlos Marsh v. Imperial Clark Center LLC, et al.*
*Case No.: 2:19-cv-10717-SVW-(JEMx)*
*Service List Updated: 1/9/2020*

## **SERVICE LIST**

| | |
|---|---|
| Russell C Handy, Esq.<br>Center for Disability Access<br>8033 Linda Vista Road Suite 200<br>San Diego, CA 92111<br>858-375-7385<br>Fax: 888-422-5191<br>Email: russ@potterhandy.com<br><br>Attorney for Plaintiff, CARLOS MARSH | Dennis Jay Price, II, Esq.<br>Center for Disability Access<br>8033 Linda Vista Road Suite 200<br>San Diego, CA 92111<br>858-375-7385<br>Fax: 888-422-5191<br>Email: dennisp@potterhandy.com<br><br>Attorney for Plaintiff, CARLOS MARSH |
| Phyl Grace, Esq.<br>Center for Disability Access<br>8033 Linda Vista Road Suite 200<br>San Diego, CA 92111<br>858-375-7385<br>Fax: 888-422-5191<br>Email: phylg@potterhandy.com<br><br>Attorney for Plaintiff, CARLOS MARSH | Raymond George Ballister, Jr<br>Center for Disability Access<br>8033 Linda Vista Road Suite 200<br>San Diego, CA 92111<br>858-375-7385<br>Fax: 888-422-5191<br>Email: rayballister@potterhandy.com<br><br>Attorney for Plaintiff, CARLOS MARSH |